946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eliza WESTBROOK, Petitioner-Appellant,
v.
UNITED STATES of America, United States Parole Commission,
Margaret Hambrick, Warden, Respondents-Appellees.
 No. 91-5740.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Eliza Westbrook, a pro se federal prisoner, appeals the district court's dismissal of her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Westbrook was convicted by a jury of conspiracy to distribute drugs. She was sentenced by the United States District Court for the Eastern District of Michigan to ten years imprisonment, followed by five years special parole. This court affirmed her conviction on direct appeal. The United States Parole Commission denied Westbrook early parole and set a presumptive parole date of February 16, 1992. The decision was later affirmed by the National Appeals Board.
 
 
 3
 Thereafter, Westbrook, a resident of the Federal Correctional Institution in Lexington, Kentucky, filed the instant action in the United States District Court for the Eastern District of Kentucky requesting that her presentence investigation report (PSI) be corrected pursuant to Fed.R.Crim.P. 32(a)(1)(A) and 32(c)(3)(D). Westbrook alleged that counsel was ineffective at sentencing because he did not object to the alleged errors in the PSI. Westbrook also requested that her parole case be reopened because the Parole Commission denied her early parole, while relying on inaccurate information in her PSI which had enhanced her offense severity rating.
 
 
 4
 A United States magistrate judge filed his first report recommending that the petition be sua sponte dismissed pursuant to 28 U.S.C. § 1915(d), finding that the court did not have jurisdiction to entertain either the Rule 32 or the ineffective assistance of counsel claims because those claims had to be asserted in the sentencing court on either direct appeal or in a motion to vacate sentence under 28 U.S.C. § 2255. The magistrate also found that the Parole Commission's decision to deny Westbrook parole was not subject to judicial review.
 
 
 5
 Thereafter, Westbrook filed a motion to amend her complaint reasserting her claims regarding the accuracy of her PSI, and requesting that the court repossess all available copies of her PSI. Westbrook also requested that the court order the Parole Commission to reopen her case pursuant to 28 C.F.R. § 2.28(f) and reconsider her offense severity rating without considering the disputed information in her PSI. Westbrook later filed a Motion for Emergency Hearing for Writ of Habeas Corpus alleging: 1) an arbitrary reclassification to a more restrictive classification; 2) indifference to her medical needs; and 3) intolerable living conditions. In two separate reports, the magistrate recommended that both motions be denied and the petition be dismissed. Specifically, the magistrate found that the court was without jurisdiction to consider Westbrook's Rule 32 claims, or to repossess copies of her PSI; that only the Parole Commissioner had the authority to authorize a reconsideration hearing; and that Westbrook was required to first exhaust her administrative remedies regarding her claims about inadequate medical care and prison conditions. The district court adopted the magistrate's recommendation after reviewing Westbrook's objections.
 
 
 6
 On appeal, Westbrook reasserts her claims, requests the appointment of counsel, and additionally alleges that she has not been given the correct amount of good time credits.
 
 
 7
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's reports dated October 16, 1990, March 7, 1991 and March 12, 1991, as adopted by the district court on April 16, 1991. We decline to consider Westbrook's claim regarding her good time credits because it was not first presented to the district court. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.